Pratt, J.
(dissenting).—The decree appealed from presents features of such apparent hardship that more than *617 usual care has been given to the consideration of the argument presented for the appellant; but we are brought to the conclusion that the decree must be affirmed.
• The largest item which has been charged against the executor arises from his failure to collect the Noble mortgage, which with interest, amounts to about $11,000.
It is objected by the counsel for the executor, that there is no proof from which referee and surrogate were authorized to find that it could have been collected. In this the appellant is in error. The presumption of law is that a chose in action is worth its face value; and the burden of proof is upon the person, who alleges the contrary. If the maker of a note is insolvent, the fact can be shown. If stocks or bonds or mortgages are not worth the amount they purport to represent, proof will be received to show that fact, but in the absence of evidence the presumption must, of necessity be, that the value represented is the real value, and whoever avers the contrary must sustain the burden of the contention.
In this case the Noble mortgage was a second incumbrance upon suburban property executed in 1873, immediately before the great panic of that year. Had any adequate proof been offered to show that the bond and mortgage could not have been collected, we cannot doubt the court below would have listened with a willing ear and the memory of the great financial depression of 1873, and the years succeeding is so recent that slight testimony would have had weight.
But the only evidence offered by the executor to repel the presumption that the mortgage was worth its face was the proof that the foreclosure in 1880 of the prior mortgage resulted in a deficiency of $5,000, and that the bondsman had no personal responsibility.
No proof was offered by appellants to show the value of the mortgaged property in 1873. Reliance seems to have been placed in the erroneous idea that the mortgage must be affirmatively shown to be worth its face value. The presumption of law supplied that proof.
These considerations dispose of the question as to the Clinton mortgage. In that case the executor showed some diligence, and, as the mortgage was the third encumbrance upon property which, on foreclosure, failed to fully pay the first mortgage, it may, perhaps, be taken as sufficiently proved that the mortgaged property was inadequate to pay the debt in question.
But it also appears that the executor took no steps to enforce the personal liability of the bondsman. He did not even make inquiries as to his responsibility. For all that *618 is shown he may be abundantly responsible for the debt. The law presumes him responsible. The executor not having shown the contrary was properly charged with the value of that security.
The next most important item is the expenditure of $2,458, taken from the personal property and applied to making repairs upon the house occupied by the widow and children of the testator. There is no reason to doubt that this expenditure was made in entire good faith, and we think with the desire of the widow, although she now hesitates to say it had her approbation.
It is not impossible that, had the trustee applied to the court for instructions, he would have been ordered to make the repairs. He assumed the responsibility of acting without instructions, and in so doing exceeded his authority. It may be, as claimed by appellant, that in a proper case an excess of power by a trustee should be ratified by the court. But in this case the advantage of the course pursued is so doubtful and the excess of authority so clear that the expenditure was properly disallowed.
No other questions require discussion, and the decree of the surrogate must be affirmed, with costs.
Barnard, P. J., and Dykman, J., concur.